UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALVERNEST KENNEDY,

    Plaintiff,

  v.                Case No. 25-CV-1427

RN BAKER, RN BARON, RN GAILA,
LT. COMPTON, OFFICER FARROW,
OFFICER MORTON, OFFICER WEIDON,
OFFICER JOHNSON, LT. DAILY,
CAPT. SCARDINO, and CAPT. ZUEHLSDORF,

    Defendants.

---

# SCREENING ORDER

---

Plaintiff Alvernest Kennedy, who is currently serving a state prison sentence at Racine Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff paid the full filing fee for this case on September 25, 2025. This matter comes before the Court to screen the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim

under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## THE COURT'S ANALYSIS

Plaintiff alleges that Defendants are conspiring and retaliating against him for exercising his constitutional rights. Plaintiff seeks to pursue claims based on allegations that (1) Lt. Adams and Lt. Mistretta violated his First Amendment right to protected speech and access to the courts; (2) RN Baker, RN Baron, and RN Gaila threatened to have correctional officers issue fabricated conduct reports if Plaintiff refused to take his insulin; (3) correctional officers issued fabricated conduct reports; (4) Correctional Officer Weildon refused to provide emergency medical

2

assistance when Plaintiff experienced symptoms of a heart-attack and a stroke; (5) correctional officers and medical staff failed to comply with the discharge instructions from Waukesha Memorial Hospital; (6) S. Miller interfered with Plaintiff's ability to file inmate grievances; (7) Waukesha County Jail has an insufficient grievance system; and (8) Plaintiff was placed in administrative segregation without due process. The complaint must be dismissed because Plaintiff improperly brings unrelated claims in a single case.

As instructed by the Seventh Circuit, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

The incidents Plaintiff describes in his complaint occurred on different days and involved different people. The purported claims against the defendants do not arise out of the same

transaction or occurrence, nor do they share common questions of law or fact. For example, the factual and legal underpinnings of Plaintiff's claim that correctional officers issued fabricated conduct reports will have nothing in common with the factual and legal underpinnings of his claim that he was not provided adequate medical care.

Plaintiff contends that the defendants are part of a conspiracy, but this conclusory assertion does not transform his claims against the defendants into a "series of transactions" sufficient to satisfy Rule 20. To state a conspiracy claim under 42 U.S.C. § 1985, the plaintiff must allege "(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of a conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 263 (7th Cir. 1999) (citation omitted). There are no facts alleged in Plaintiff's complaint from which an inference may be drawn that all eleven defendants conspired to violate Plaintiff's constitutional rights. *See Goodvine v. Ericksen*, No. 09-C-317, 2010 WL 5300528, at *1 (E.D. Wis. Dec. 17, 2010) (noting that the plaintiff "is trying to prove that the defendants entered into a conspiracy of some sort, yet the complaint does not include a conspiracy claim or otherwise plead that all thirteen defendants or any subgroup of defendants committed their wrongful acts pursuant to an agreement (explicit or tacit) to retaliate against plaintiff").

The Court finds that the complaint fails to comply with Rules 18 and 20. If Plaintiff wants to continue with this action, he must file an amended complaint which cures the deficiencies in the original complaint as described herein. An amended complaint must be filed on or before **December 29, 2025**.

Should Plaintiff choose to file an amended complaint with only related claims, it will replace the original complaint and must be complete in itself without reference to the original

4

complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). Plaintiff should prepare his amended complaint like he is telling a story to someone who knows nothing about the facts of his case. In other words, he should explain (1) what happened; (2) who was involved; (3) when it happened; and (4) how he was impacted by what happened. Plaintiff may pursue unrelated claims in different lawsuits, but he is reminded that he must pay the filing fee for every new lawsuit he files. Plaintiff must also use the Court's amended complaint form. *See* Civil L.R. 9(b). If he needs additional space, he may add up to *five* pages.

If Plaintiff files an amended complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A. If he chooses not to file an amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it.

**IT IS THEREFORE ORDERED** that the complaint submitted on September 17, 2025, is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff is directed to file an amended complaint on or before **December 29, 2025**, which contains only related claims in accordance with this order. If he does not file an amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on November 25, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge