UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALVERNEST KENNEDY,

          Plaintiff,

      v.                                  Case No. 25-CV-1427

LT. CRUMP, et al.,

          Defendants.

## SCREENING ORDER

Plaintiff Alvernest Kennedy, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On January 13, 2026, the Court screened and dismissed the amended complaint for violating Federal Rules of Civil Procedure 18 and 20. Dkt. No. 6. The Court gave Plaintiff an opportunity to file a second amended complaint by February 11, 2026. Plaintiff filed a second amended complaint on February 12, 2026. The Court accepts Plaintiff's second amended complaint as timely filed under the prison mailbox rule and will screen the complaint as required by 28 U.S.C. § 1915A. *See Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015).

### SCREENING OF THE SECOND AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

At all times relevant to the second amended complaint, Plaintiff was detained at the Waukesha County Jail pending revocation proceedings. 2d. Am. Compl. ¶ 10, Dkt. No. 7. Plaintiff filed numerous grievances through the inmate complaint system. *Id.* ¶¶ 13–15. Plaintiff asserts

that Lt. Adams, Lt. Crump, and Lt. Mistretta impeded Plaintiff's efforts to exhaust his administrative remedies through the inmate complaint system. Lt. Adams, Lt. Crump, and Lt. Mistretta recategorized Plaintiff's grievances from "Inmate Grievance" to "General Request/Inmate Communication Form-General". *Id.* ¶ 7.

Plaintiff alleges that Correctional Officer (CO) Weildon, CO Wren, and CO Farrow wrote fabricated "trumped up" conduct reports against Plaintiff after Plaintiff used the inmate complaint system. At various times throughout Plaintiff's detention at the Waukesha County Jail, after Plaintiff stated that he would be informing his attorney about the inadequate conditions to which he was subjected, CO Weildon and CO Farrow responded that security staff and medical staff do not like inmates who try to get staff in trouble by writing grievance complaints and filing lawsuits in federal court. *Id.* ¶¶ 5–6, 9.

On September 23, 2024, during an escort for a medical visit, Plaintiff told CO Farrow that he would be contacting his attorney and the federal courts to inform them about the conditions of his confinement. *Id.* ¶ 16. In response, CO Farrow threatened Plaintiff with a "trumped up" conduct report. *Id.* CO Farrow stated that either he or CO Wren would "make sure" Plaintiff received a conduct report. *Id.* Plaintiff alleges that Captain Zuehlsdorf, Lt. Adams, Lt. Crump, and John and Jane Doe had personal knowledge of the retaliatory action being carried out against Plaintiff as a result of Plaintiff using the inmate complaint system. *Id.* ¶ 6.

A disciplinary hearing on a conduct report was held by Hearing Officer Weildon, without Weildon interviewing witnesses or reviewing security footage. *Id.* ¶¶ 18–19. Hearing Officer Weildon found Plaintiff guilty of the conduct report. Lt. Crump instructed Hearing Officer Weildon to offer Plaintiff "a six-day predetermined sanction." *Id.* ¶ 20.

Plaintiff was admitted to the Waukesha Memorial Hospital shortly after being served with the conduct report. Hearing Officer Weildon and Captain Sardino denied Plaintiff his appeal rights, even though Plaintiff had made his intentions clear that he intended to challenge the conduct report. *Id.* ¶¶ 21, 23. Plaintiff attempted to reinstate his appeal rights, asserting that he could not appeal while he was at the hospital, but his request to reinstate his appeal rights was rejected by Jail Administrator Lewandowski and Vaughn. *Id.* ¶ 24.

Plaintiff was subsequently placed in the Waukesha County Jail "observation" pod with the "severest and mentally ill detainees." *Id.* ¶ 25. This pod is extremely loud at all times throughout the day and night, which resulted in Plaintiff experiencing sleep deprivation and consistent, excruciating migraine headaches. *Id.* Plaintiff believes he was placed in the observation unit under the direction and orders of either Lt. Adams or Lt. Crumpt. *Id.* ¶ 26. Plaintiff asked the medical staff to transfer him out of the observation unit. *Id.* ¶ 27. In his medical request slips, he described how his living conditions were detrimental to his mental and physical health and how the smell of rotten food and feces smeared all over the cells contributed to Plaintiff vomiting regularly and losing his appetite. *Id.* ¶ 28. Plaintiff seeks monetary damages. *Id.* at 6.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff's second amended complaint continues to violate Federal Rules of Civil Procedure 18 and 20 because he brings unrelated claims against

different sets of defendants in a single case. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. "[M]ere overlap between defendants is not enough." *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020). Under Federal Rule of Civil Procedure 21, the Court may "drop a party" or "sever any claim against a party" that is not properly joined in an action.

Plaintiff asserts that CO Weildon, CO Wren, and CO Farrow wrote fabricated "trumped up" conduct reports against Plaintiff after he filed inmate complaints and stated he would inform his attorney and the federal courts about the conditions of his confinement. To state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Whitfield v. Spiller*, 76 F.4th 698, 707–08 (7th Cir. 2023) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Based on the allegations

contained in the second amended complaint, Plaintiff may proceed on a retaliation claim against CO Weildon, CO Wren, and CO Farrow.

Plaintiff also alleges that Captain Zuehlsdorf, Lt. Adams, Lt. Crump, and John and Jane Doe had personal knowledge of the retaliatory action being carried out against Plaintiff as a result of Plaintiff using the inmate complaint system. To state a failure to intervene claim, a plaintiff must allege that the defendant (1) knew that a constitutional violation was committed and (2) had a realistic opportunity to prevent the harm from occurring. *See Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Plaintiff's allegations, at this stage, are sufficient to state a failure to intervene claim against Captain Zuehlsdorf, Lt. Adams, Lt. Crump, and John and Jane Doe.

Any other potential claims Plaintiff may have are not properly joined in this action. Accordingly, in accordance with Rule 21, the Court will sever from this action all other potential claims Plaintiff may have. *See UWM Student Association v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) ("[The federal] rules are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes."); *see also Dorsey v. Varga*, 55 F.4th 1094, 1103 (7th Cir. 2022) ("A district court may, in its discretion, deny joinder even if the Rule 20(a)(2) requirements are met."). If Plaintiff wants to pursue these claims, he must do so in separate cases. *See George*, 507 F.3d at 607. Plaintiff is advised that he must pay the filing fee for every new case he files.

## Conclusion

The Court finds that Plaintiff may proceed on the following claims: a First Amendment retaliation claim against CO Weildon, CO Wren, and CO Farrow based on his allegation that these defendants wrote fabricated "trumped up" conduct reports against Plaintiff after he filed inmate

complaints and stated he would inform his attorney and the federal courts about the conditions of his confinement. Plaintiff may also proceed on a failure to intervene claim against Captain Zuehlsdorf, Lt. Adams, Lt. Crump, and John and Jane Doe based on his allegation that these defendants had personal knowledge of the retaliatory action being carried out against Plaintiff as a result of Plaintiff using the inmate complaint system.

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the second amended complaint and this order upon CO Weildon, CO Wren, CO Farrow, Captain Zuehlsdorf, Lt. Adams, and Lt. Crump pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the second amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

7

Case 1:25-cv-01427-BBC     Filed 02/17/26     Page 7 of 8     Document 10

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable Byron B. Conway
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on February 17, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge