UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALVERNEST KENNEDY,

Plaintiff,

v. Case No. 25-CV-1427

OFFICER FARROW et al.,

Defendants.

---

**ORDER**

---

Plaintiff Alvernest Kennedy, who is currently serving a state prison sentence at Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He is proceeding on a First Amendment retaliation claim against CO Weildon, CO Wren, and CO Farrow based on allegations that these defendants wrote fabricated "trumped up" conduct reports against Plaintiff after he filed inmate complaints and stated he would inform his attorney and the federal courts about the conditions of his confinement. Plaintiff is also proceeding on a failure to intervene claim against Captain Zuehlsdorf, Lt. Adams, Lt. Crump, and John and Jane Doe based on his allegation that these defendants had personal knowledge of the retaliatory action being carried out against Plaintiff as a result of Plaintiff using the inmate complaint system. (ECF No. 10.)

This matter comes before the Court on Plaintiff's motion for clarification. Plaintiff's motion is actually a motion for reconsideration of the Court's February 17, 2026, screening order. Under Rule 54(b) of the Federal Rules of Civil Procedure, any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Fed. R. Civ. P. 54(b); *see Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (holding that "every order short of a final decree is subject to reopening at the discretion of the district judge").

Plaintiff argues that he should be allowed to proceed on a Fourteenth Amendment claim. He asserts that he was denied the due process right to exhaust the appellate administrative disciplinary appeal process as well as post-deprivation redress for being unreasonably placed in restrictive housing. Plaintiff maintains that he was placed in restrictive housing based on a fabricated conduct report. (ECF No. 28 at 2.)

The Court has reviewed its February 17, 2026, screening order and concludes that there is no basis to alter the decision. As the Court explained in its screening order, Plaintiff's due process and conditions of confinement claims are unrelated to his First Amendment retaliation and failure to intervene claims and are not properly joined in this action. If Plaintiff wants to pursue these claims, he must do so in separate case(s). *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff is advised that he must pay the filing fee for every new case he files.

Plaintiff also attached an amended complaint to his motion for clarification. Plaintiff's motion and proposed amended complaint violate Civil Local Rule 15. Civil Local Rule 15 provides, "A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleadings must be filed as an attachment to the motion to amend." Civil L.R. 15(b). Plaintiff's motion for clarification does not request leave to amend the complaint and does not indicate what the proposed changes are. In addition, Plaintiff's amended complaint does not contain a caption. For these reasons, the Court will not consider Plaintiff's proposed amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for clarification (ECF No. 28), which the Court construes as a motion for reconsideration, is **DENIED**.

Dated at Green Bay, Wisconsin on August 13, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge